FILED

2022 Oct-05  PM 12:40
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **ALFONSO TEPOLE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No.:** |
| **VS.** | ) | |
| | ) | |
| **VL CONSTRUCTION, LLC** | ) | |
| **and VALENTE LAMBARRIA-** | ) | |
| **MEDINA** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>COMPLAINT</u>

COMES NOW Plaintiff Alfonso Tepole (hereinafter "Tepole" or "Plaintiff"), by and through his undersigned attorney, and brings this action against VL Construction, LLC (hereinafter "VLC") and Valente Lambarria-Medina (hereinafter "Lambarria"), for damages and other legal and equitable relief for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws.  In support thereof, the Plaintiff states the following:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§ 216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.     This Court has personal jurisdiction over Defendants because the cause of action arose within this district as a result of Defendants' conduct within this District and Division.

3.     Venue is proper in the Northern District of Alabama because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Specifically, Defendants have maintained a working presence in the State of Alabama (and the United States), and Plaintiff worked in Jefferson County, Alabama throughout his employment with Defendants, which is located within this District and Division.

4.     At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

5.     At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

**PARTIES**

6.    Plaintiff is an adult, is nineteen (19) years of age or over, and is a resident of Jefferson County, Alabama. Plaintiff was, at all times relevant to this Complaint, an employee of the Defendants within the contemplation of 29 U.S.C. § 203(e)(1).

7.    Defendant VLC is an entity registered to do business in the State of Alabama, based out of Homewood, Alabama, and is conducting construction business in Jefferson County, which is in the Southern Division of the Northern District of Alabama.

8.    Defendant Lambarria, upon information and belief is a resident of Alabama, and is an adult over the age of twenty-one (21).

9.    Defendants VLC and Lambarria are sometimes referred to in this Complaint collectively as "Defendants," which is meant to refer to and include all named Defendants.

10.    At all times relevant to this action, Defendant VLC has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

11.    At all times relevant to this action, Defendant Lambarria has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

12.    At all times relevant to this action, each Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

13.     At all times relevant to this action, each Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprises have had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof.

14.     At all times relative to this action, Defendants have had, and continue to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

15.     During the period of Plaintiff's employment by the Defendants, the Plaintiff provided services for the Defendants that involved interstate commerce for purposes of the FLSA.

16.     In performing the operations described in this Complaint, Plaintiff was engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and/or 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

17.     Plaintiff is (or was) a non-exempt employee who worked for Defendants within the meaning of the FLSA.

18.     At all times hereinafter mentioned, Plaintiff is (or was) an individual employee who was engaged in commerce or in the production of goods for commerce as required by the FLSA for coverage.

19.     Defendant Lambarria is, upon information and belief, the owner and an officer of VLC.  At all times relevant to the claims made the basis of this suit, Defendant Lambarria was acting in his capacity as owner and officer and had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff.  Defendant Lambarria personally had the power to hire and fire the Plaintiff, personally supervised and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

20.     Lambarria is engaged in commerce or in the production of goods for commerce as contemplated by 29 U.S.C. §§ 203(r), 203(s).

**STATEMENT OF FACTS**

21.     Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

5

22.    Plaintiff began working for the Defendants on or about December 3, 2020 and continued performing full time work for the Defendants until June 27, 2022, when he was injured while working for Defendants. Plaintiff worked full-time for Defendants during that entire period.

23.    Plaintiff worked for Defendants as a construction manual laborer, performing duties relating to construction work, for Defendants, and was paid a daily rate, in cash, of $170 for each weekday, on which Plaintiff generally worked twelve hours per day, and $80 for each Saturday, which Plaintiff always worked and on which he generally worked seven hours.  However, in some weeks, particularly in the summer, Plaintiff worked more hours per day but got the same pay.

24.    As such, for the weeks in which Plaintiff worked each day in the Defendants' workweek, which was almost every week, Plaintiff was paid $930 in day rates, in cash, for working at least 67 hours, and sometimes more.

25.    Plaintiff worked solely and only for the Defendants during the period stated herein above, and did not provide work for any other employers.

26.    Defendants' customary practice was to have Plaintiff work more than forty (40) hours per week, for which Plaintiff should have received overtime for all hours in excess of forty (40).

27.    However, none of the hours which Plaintiff worked over forty (40) in a workweek were paid at an overtime rate.

28.     Plaintiff never received any overtime pay.

29.     The Defendants, despite direct knowledge of the Plaintiff's additional work hours, continually paid the Plaintiff on a basis that ignored and did not compensate him for his overtime hours.

30.     Defendants intentionally and willfully did so, in order to avoid paying Plaintiff for the overtime hours that he routinely worked.

31.     Defendants always paid Plaintiff in cash.


**COUNT ONE**

**FLSA Violations**

32.     Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

33.     Defendants have failed to comply with the FLSA's wage requirements by failing to pay Plaintiff at one and one-half (1 ½) his regular rate for all hours worked in excess of forty (40) hours per week.

34.     Defendants have failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

35.     Defendants' willful violations of the FLSA have caused the Plaintiff to suffer financial damage consisting of loss of pay.

36.    At all material times herein, Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

37.    The Defendants violated the FLSA by failing to pay overtime compensation to Plaintiff.

38.    Defendants' failure to accurately pay overtime wages to the Plaintiff was, and is, willfully perpetrated.  Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to the FLSA.

39.    Plaintiff is also entitled to an award of his costs, attorneys' fees, and expenses incurred in asserting this action and recovering his wages.

## PRAYER FOR RELIEF

**WHEREFORE,** the Plaintiff respectfully prays for the following relief:

A.    The Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in the Complaint;

B.    This Court award Plaintiff, to be paid by the Defendants, the amount of his unpaid and/or improperly paid wages, overtime compensation and benefits, computed at a proper rate, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b), and prejudgment interest;

C.     That the Plaintiff be granted judgment against the Defendants for all reasonable attorneys' fees, costs, disbursements and compensatory damage; and

D.     For such other and further relief as the FLSA dictates and that this Court deems equitable, proper, and just, including but not limited to, any injunctive and/or declaratory relief to which Plaintiff may be entitled.

Dated this 5th day of October, 2022.

Respectfully Submitted,

/s/ David A. Hughes
David A. Hughes (ASB-3923-U82D)
Attorney for Plaintiff
2121 14th Street
Tuscaloosa, Alabama 35401
Phone: (205) 523-0463
Fax: (205) 344-6188
E-mail: dhughes@hardinhughes.com

*Attorney for Plaintiff*

**Jury Demand**

Plaintiff demands trial by struck jury.

**/s/ David A. Hughes**
OF COUNSEL

Service Addresses:

VL Construction, LLC
c/o its Registered Agent, Valente Lambarria-Medina
116 Oxmoor Road
Homewood, AL 35209

Valente Lambarria-Medina
116 Oxmoor Road
Homewood, AL 35209